UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-21990-CIV-MORENO

RAFAEL "RAFA" VERGARA HERMOSILLA,

    Plaintiff,

vs.

OCTOSCOPE MUSIC, LLC, a Delaware LLC,

    Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff Rafael Vergara Hermosilla sued Defendant Octoscope Music, LLC to obtain damages and equitable relief based on Octoscope's alleged copyright infringement and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et seq. Octoscope filed a motion to dismiss requesting that this Court dismiss the complaint in its entirety. After reviewing the motion and the responses and replies thereto, as well as the pleadings and relevant case law, the Court finds that while Vergara's complaint presents sufficient facts to state a claim for copyright infringement, Vergara simply does not have a private cause of action under the FDUTPA. Thus, for the reasons stated below, the Court GRANTS IN PART Octoscope's Motion to Dismiss by DISMISSING Count V of the complaint.

### I. Background

Vergara is a songwriter, producer, and vocalist. Octoscope is a joint venture between A&M Records and Octone Records, which does business as "A&M/Octone Records." The records produced as a result of this joint venture are, in turn, distributed by Universal Music Group, which

is also the parent of A&M. Octoscope is thus an affiliate of Universal.

In November of 2009, Coca-Cola Company requested that Universal assist it in creating a version of a music single that would incorporate Spanish lyrics and be used in Coca-Cola's marketing campaign for the 2010 FIFA World Cup. The single to be altered was "Wavin' Flag (Coca-Cola Celebration Mix)," by the artist K'naan. Coca-Cola secured all the necessary rights to create revised versions of this song from K'naan and all others who owned copyright interests in the original composition. Performer David Bisbal was selected to sing the Spanish language portion of the new version while K'naan would still sing the English language portion.

On November 17, 2009, Vergara was contacted by Jose Puig, now General Manager of another Universal affiliate, and asked to translate a portion of the lyrics from "Wavin' Flag (Coca-Cola Celebration Mix)" into Spanish. On November 18, 2009, Vergara completed the work and emailed it to Puig. Later that day, Puig called Vergara and explained that Coca-Cola wished to use Vergara's "new song" in its marketing campaign and that his work was to be recorded using the vocals of Bisbal and K'naan and titled "Wavin' Flag (Coca-Cola Spanish Celebration Mix)" ("the work"). Vergara was selected to mix and produce these vocals for the final mix to be submitted to Coca-Cola. Over the next several weeks, Vergara created a variety of versions of the song using his own vocals, and ultimately one of the versions was approved by Universal, Coca-Cola, and K'naan. Vergara alleges that during this time, Universal and Puig falsely represented to Vergara that his publishing rights in the work were to be respected, while all the while they had represented to Coca-Cola that the work would be composed as a work-for-hire.

On December 4, 2009, Vergara delivered a master version to Puig. The work was first published by Coca-Cola in Mexico, and since then it has been distributed worldwide by various

means, including iTunes and YouTube. Vergara thereafter attempted repeatedly to have Universal and Coca-Cola recognize his producer credits and publishing rights in the work. After they refused to do so, Vergara registered the Spanish lyrics to the work with the U.S. Copyright Office on April 28, 2010, and in Mexico on or about April 21, 2010.

On May 3, 2010, Vergara sued Coca-Cola, alleging copyright infringement and violation of the FDUTPA. *Hermosilla v. The Coca Cola Co.*, Case No. 10-21418-CIV-KMM ("the Coca-Cola case"). Vergara then filed an Emergency Motion for Preliminary Injunction, which was granted in part on June 2, 2010. *See Hermosilla v. The Coca-Cola Co.*, No. 10-21418-CIV, 2010 WL 2232657, at *8 (S.D. Fla. June 2, 2010). In that ruling the Court considered and rejected the claim that Vergara licensed his work. Shortly after this ruling, Octoscope decided to incorporate Vergara's work on one of its albums, and on June 8, 2010, the work was released as part of the album *Troubadour*, by the artist K'naan. The track information for the work did not reflect Vergara's contribution or copyright, and in fact, reflected that Octoscope was the copyright owner of the album. Additionally, Octoscope made the work available for sale as a single on the iTunes website. It was these publications that prompted Vergara to file the instant suit against Octoscope on June 16, 2010.

## II. Standard of Review

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss pursuant to Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006), accepting the well-pleaded facts of the complaint

"and all reasonable inferences therefrom . . . as true," *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). Nevertheless, "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 570.

### III. Discussion

As a preliminary matter, the Court will briefly address Vergara's argument that Octoscope's Motion to Dismiss is procedurally defective in that a significant portion of the facts and arguments presented in the motion are predicated on documents extrinsic to Vergara's complaint. "In ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Bank of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Unless both these elements are satisfied, consideration of matters outside the complaint converts a motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment, and all the procedural safeguards attendant to such a motion apply. *See Trustmark Inc. v. Eslu, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002); *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1532 (11th Cir. 1990). After reviewing the complaint, the motion to dismiss and the responses and replies thereto, the Court finds that none of the extrinsic documents referred to in Octoscope's Motion to Dismiss satisfy both the above elements. Accordingly, the Court will not consider them in its analysis.

*A. Copyright Infringement claim*

Vergara's complaint contains sufficient factual matter to state a claim for copyright infringement. To establish a prima facie case of copyright infringement, Vergara must show: (1) that he owns a valid copyright in the work; and (2) that Octoscope copied original elements of the work. *See Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265-66 (11th Cir. 2001). Accepting the well-pleaded facts of Vergara's complaint as true, the Court finds that Vergara has presented sufficient facts to establish both elements of copyright infringement. The complaint alleges that Vergara translated lyrics from "Wavin' Flag (Coca-Cola Celebration Mix)" into Spanish, and then transmitted his work to Universal by email. Compl. ¶ 11. The complaint also alleges that Vergara registered the Spanish lyrics to the work with the copyright offices of both the United States and Mexico, thereby giving him a protected and enforceable copyright. *Id.* at ¶ 23. Finally, the complaint alleges, and Octoscope does not dispute, that Octoscope subsequently copied original elements of Vergara's lyrics and published them in the United States. *Id.* at ¶ 21. Thus, Vergara's complaint presents sufficient facts to state a claim for copyright infringement against Octoscope.[1]

In its motion to dismiss, Octoscope argues that Vergara was, at most, a joint author of the work with Coca-Cola, and that Coca-Cola had granted Octoscope a license allowing it to release the work on any future re-release of K'naan's album *Troubadour*, or to release the work as a single, including through online retailers such as iTunes. Octoscope Mot. To Dismiss 6-7. Therefore, Octoscope argues, it is immune from Vergara's claim of copyright infringement as a matter of law. *Id.* at 12.

---

[1] Though Vergara claims an original copyright in more than just the translation of the lyrics, the Court focuses on this translation because it is clear that Vergara's role in this element of the work was exclusive. Moreover, finding that Vergara has a copyright in the translated lyrics is sufficient to decide this motion.

Notwithstanding that this argument is entirely dependent on extrinsic documents (which this Court has already declared it will not consider), this argument falters for another reason in that it fails to recognize that Vergara's contribution of Spanish lyrics to "Wavin' Flag (Coca-Cola Spanish Celebration Mix)" made him not a joint author of the work, but rather the sole creator of an authorized derivative work–namely, his Spanish translation. According to the complaint, Vergara received no assistance in creating the Spanish language translation of the work. Compl. ¶ 11. Octoscope has presented no evidence showing otherwise. Thus, Vergara's contribution to the work is more accurately categorized as an authorized derivative work, rather than as a joint work. *See* 17 U.S.C. § 101 ("A 'derivative work' is a work based upon one or more preexisting works, such as a translation . . . .").

Furthermore, Vergara has exclusive copyright ownership of his translation. A copyright holder can typically obtain a copyright in a derivative work when the derivative work was created lawfully. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1234 (11th Cir. 2010). Specifically, a work can be copyrighted as a derivative work "if the new work was produced with the permission of the copyright owner of the preexisting work." *Palladium Music, Inc. v EatSleepMusic, Inc.*, 398 F.3d 1193, 1197 (10th Cir. 2005). Here, it is undisputed that Coca-Cola had secured all the necessary rights to create revised versions of K'naan's original composition. Vergara's derivative translation was thus created lawfully, as it was authorized and indeed solicited by Coca-Cola through Universal. Moreover, copyright in a derivative work arises not by authority from the copyright owner of the underlying work, but by operation of law once the derivative work is fixed in a tangible medium of expression. *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 523 (7th Cir. 2009); 17 U.S.C. § 102(a). Vergara thus had a perfected copyright interest in his derivative translation once he

transmitted a reproducible copy to Universal. *See* Compl. ¶ 17. In short, "Vergara's newly created derivative translation was done without the original author's involvement, but with the original author's permission," thus giving Vergara exclusive copyright ownership of his translation. *Hermosilla*, 2010 WL 2232657, at *6.

### B. FDUTPA claim

Octoscope also argues that Vergara's FDUTPA claim must be dismissed. The Court agrees. "A private right of action for damages under the [FDUTPA] . . . cannot be maintained unless the alleged unfair or deceptive acts or practices complained of involves a consumer transaction." *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1239, 1251 (S.D. Fla. 2002). Here, the alleged deceptions are twofold. The first is that Universal, Octoscope's affiliate, falsely represented to Coca-Cola that it had obtained the necessary copyrights for the work. *See* Compl. ¶ 15. The second is that Universal falsely represented to Vergara that he could retain his publishing rights. *Id.*

Even assuming that Vergara, a non-consumer individual, has standing to sue under the FDUTPA, because neither of these alleged misrepresentations involved a consumer transaction, Vergara simply does not have a private cause of action under the Act. Therefore, Vergara's claim pursuant to the FDUTPA is dismissed.[2] This ruling finds support in Judge Moore's well-reasoned opinion in *Hermosilla v. The Coca Cola Co.*, No. 10-21418-CIV, Docket No. 65 (S.D. Fla. Aug. 17, 2010), in which Vergara's virtually identical claim in the Coca-Cola case was dismissed.

### IV. Conclusion

---

[2] Vergara requests that he be provided a chance to amend his Complaint in the event that all or part of Octoscope's Motion to Dismiss is granted. The Court denies this request because amendment here would be futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (internal citation omitted).

In sum, taking the well-pleaded facts of Vergara's complaint as true, the Court finds that while Vergara has presented sufficient facts to state a claim for copyright infringement, Vergara's FDUTPA claim must be dismissed because Vergara has alleged no deceptive or unfair acts involving a consumer transaction. The Court has reviewed Octoscope's motion to dismiss and the responses and replies thereto, as well as the pleadings and relevant case law, and is otherwise fully advised in the premises. Accordingly, it is

**ADJUDGED** that Octoscope's Motion to Dismiss **(D.E. No. 13)**, filed on **August 2, 2010**, is GRANTED IN PART as follows: Count V of Vergara's Complaint is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of ~~November~~ December, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record